UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
**JAMES SEELEY,**

                        Plaintiff,                         **MEMORANDUM AND ORDER**

     -against-                                               20-CV-2784 (AMD) (RER)

**C.O. CHAMBERS, HEALTH SERVICES
ADMINISTRATOR LNU, MAIL ROOM
SUPERVISIOR LNU, GRIEVANCE
SUPERVISOR LNU,**

                        Defendants.
----------------------------------------------------------------X
**ANN M. DONNELLY**, United States District Judge:

       On June 22, 2020, the plaintiff, who is incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, filed this *pro se* action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) By Memorandum and Order dated August 4, 2020, the Court granted the plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismissed the complaint and granted the plaintiff leave to file an amended complaint. (ECF No. 7.) On August 27, 2020, the plaintiff filed an amended complaint. (ECF No. 11.) For the reasons set forth below, the Court dismisses the action.

## BACKGROUND

       On May 16, 2020, the plaintiff had an anxiety attack for which he received emergency care, and the defendants put him in a quarantine unit. (ECF No. 11 at 3.) The defendants kept him in the quarantine unit past the "maximum expiration date for quarantine," and he did not receive his scheduled medication in the quarantine unit. (*Id.*) He also alleges that prison officials kept his property, read his legal mail and have threatened him and discriminated against him. (*Id.* at 5.) The plaintiff seeks monetary damages, transfer to Elkton, Ohio, and

reassignment of "those involved into different positions at different facilities within the Bureau of Prisons." (*Id.* at 4.)

## STANDARD OF REVIEW

A federal court must "liberally construe[ ]" pleadings by *pro se* parties, and interpret their complaints to raise the strongest arguments they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this liberal standard, a *pro se* litigant's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

A district court should "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the Court is required to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, under the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

2

**DISCUSSION**

As I explained in my earlier Order, the plaintiff cannot bring this action pursuant to 42 U.S.C. § 1983 because the statute applies to state actors, not federal officials; as a result, I liberally construed the plaintiff's complaint to raise claims pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) ("*Bivens*"). A claim under "*Bivens* . . . is available only against federal officials who are personally liable for the alleged constitutional tort." *Turkmen v. Hasty*, 789 F.3d 218, 233 (2d Cir. 2015), *judgment rev'd in part, vacated in part sub nom. Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017); *see also Iqbal*, 556 U.S. at 678. To state a claim under *Bivens*, a plaintiff must allege facts to show that: (1) he was deprived of a constitutional right, (2) by a person acting under color of federal law. *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389); *see also Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) ("Because the two actions share the same practicalities of litigation . . . federal courts . . . typically incorporate[ ] Section 1983 law into *Bivens* actions.") (quotations and citations omitted).

The Supreme Court has permitted a *Bivens* claim to proceed against federal actors in only three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. at 388; (2) due process violations under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). In *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017), the Supreme Court held that "expanding the Bivens remedy is now 'disfavored'" and has "refused to extend Bivens to any new context or new category of defendants." *Id.* at 1857; *see, e.g., Ojo v. United States*, 364 F. Supp. 3d 163, 170 (E.D.N.Y. 2019) (declining to apply Bivens to plaintiff's Fifth Amendment equal protection claim alleging that BOP's dental care policy discriminated against

pretrial detainees); *Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 59 (E.D.N.Y. 2017) (declining to apply Bivens to plaintiff's Fifth Amendment claim alleging failure of prison employees to conduct meaningful reviews of a plaintiff's solitary confinement placement). Without addressing whether, in light of *Ziglar*, the Court should extend *Bivens* to apply to the plaintiff's claims, the Court concludes nonetheless that the plaintiff's amended complaint fails to state a claim. *See Hernandez v. Mesa*, 137 S.Ct. 2003, 2006 (2017) (the Supreme Court has endorsed "disposing of a *Bivens* claims by resolving the constitutional question, while assuming the existence of a *Bivens* remedy").

It is well-settled that the Due Process Clause does not afford a prisoner any right to a particular type of custody. *Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976) (noting that the Constitution itself confers no right upon an inmate to any particular custody or security classification). Furthermore, the Bureau of Prisons has sole discretion to assign prisoners to particular facilities or programs. *See* 18 U.S.C. §§ 3621(b), 4081; *Levine v. Apker,* 455 F.3d 71, 83 (2d Cir. 2006); *Pasonick v. Strada*, No. 12-CV-6204, 2013 WL 431332, at *3 (E.D.N.Y. Feb. 4, 2013). The plaintiff's alleged extended placement in the quarantine unit and his request to be placed in a particular facility does not give rise to a due process claim. *See* 28 U.S.C. §§ 1915A, 1915(e)(2)(B). Moreover, "[i]nmates have no constitutional entitlement to grievance procedures, to receive a response to a grievance, or to have a grievance processed properly." *Schlosser v. Manuel*, No. 3:19-CV-1444, 2020 WL 127700, at *5 (D. Conn. Jan. 10, 2020) (citing *Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018)); *Henry v. Doe*, No. 19-CV-10153, 2020 WL 209091, at *8 (S.D.N.Y. Jan. 10, 2020) (citing cases); *Hayes v. Cty. of Sullivan*, 853 F. Supp. 2d 400, 434 (S.D.N.Y. 2012) (citing cases). Therefore, the plaintiff's claim that the defendants did not respond to his grievances is dismissed.

Although a prisoner has a right to receive legal mail, *Heimerle v. Attorney General,* 753 F.2d 10, 12-13 (2d Cir. 1985), "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Davis v. Goord*, 320 F.3d 346, 351-52 (2d Cir. 2003) (citations omitted). "Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'" (*Id.*) (citation omitted). Furthermore, to state a claim based on the denial of legal mail, a plaintiff must show an actual injury. *Lewis v. Casey*, 518 U.S. 343, 353 (1996); *Joseph v. Coughlin*, 60 F.3d 811 (2d Cir. 1995). Here, the plaintiff alleges that the "mailroom" kept his legal mail from him, but does not say whether he ever received the mail or that he suffered any injury. Therefore, the claim does not amount to a constitutional violation and is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

A retaliation claim is cognizable when a prison official takes adverse action against a prisoner for exercising his constitutional right to file a complaint or a prison grievance. *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015); *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000). To state a retaliation claim, a plaintiff must show (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action. *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (citation and quotation marks omitted). Because retaliation claims are easily fabricated, courts consider such claims with skepticism and require that they "be supported by specific and detailed factual allegations." *Dolan*, 794 F.3d at 295. As such, conclusory allegations of retaliatory conduct are insufficient. *Id.* The plaintiff alleges that C.O. Chambers did not let him out to take a shower on June 12, 2020 at 1:15pm, to retaliate against the plaintiff for "talking to SIS." He also says that he has "been redesignated from

Elkton, OH to Texarkana, TX, with no explanation," in retaliation for filing grievances. (ECF No. 11 at 3-4.) As explained above, the plaintiff does not have a right to be placed in any particular facility.[1] Nor does his claim that he was denied a shower similarly rise to the level of a constitutional violation. *See* 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

## CONCLUSION

Accordingly, the Court dismisses the action, filed *in forma pauperis*, pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B) for failure to state a claim. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.

**SO ORDERED.**

                    s/Ann M. Donnelly
                    **ANN M. DONNELLY**
                    United States District Judge

Dated: Brooklyn, New York
       October 6, 2020

---

[1] At the time of this decision, the plaintiff was still incarcerated at MDC in Brooklyn. *See* https://www.bop.gov/inmateloc/ (last visited Sept. 25, 2020).